ment of a material fact. Heating mains are not obvious to the inspection of people, and there was no reason or cause for appellant to suspect the statement was false. It was not necessary for him to investigate the representation; he had the right to rely upon its truth. *Endsley v. Johns,* 120 Ill. 469; *Antle v. Sexton,* 137 Ill. 410; *Linington v. Strong,* 107 Ill. 295; *Van Velsor v. Seeberger,* 59 Ill. App. 322.

The counts that state the mains were accessible are indefinite and as to those two counts the demurrer was properly sustained, but the first and second counts state a good cause of action and the demurrer should have been overruled as to them. The judgment is reversed and the cause remanded with directions to overrule the demurrer to the first and second counts.

*Reversed and remanded with directions.*

---

**Paul O. Moratz, Appellee, v. Maurice C. McCarthy, Appellant.**

**(Not to be reported in full.)**

Appeal from the County Court of McLean county; the Hon. HOMER W. HALL, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 5, 1914.

### Statement of the Case.

Action by Paul O. Moratz against Maurice C. McCarthy to recover an amount due on an order for $77.67 given to plaintiff by defendant on a settlement of a building account. The suit was begun before a justice of the peace and an appeal was taken to the County Court. The court on the day the case was set for trial denied defendant's motion for a continuance, but postponed the trial until the next day. Defendant failing to appear on the following day, plaintiff re-

covered a verdict and judgment for $82.50. To reverse the judgment, defendant appeals.

Counsel for appellant made a statement of the case but filed no brief or argument.

DeMange, Gillespie & DeMange, for appellant.

Livingston & Bach, for appellee.

Mr. Presiding Justice Thompson delivered the opinion of the court.

### Abstract of the Decision.

Continuance, § 51*—*when denial of motion not error.* A denial of defendant's motion for a continuance made on the day the case was set for trial on the ground that defendant and his attorney had no notice of the setting of the case for trial and that defendant could not be ready on that day because he did not know the whereabouts of two of his witnesses, who were in the city of Bloomington, and because another witness was in Taylorville, *held* not error where it appeared the court offered to postpone the trial until 1:30 P. M. the next day and counsel stated he could not be ready by that time, but the court did postpone the trial to the following day and no reason appeared showing why defendant could not have been ready the day the case was tried if he had used any diligence to procure his witnesses after the hearing was postponed.

---

### Edward F. Trego, Trustee for use of William Moore and Alfred H. Trego, Appellant, v. The Estate of James A. Cunningham, Deceased, Appellee.

1. Principal and surety, § 96*—*insolvency of cosureties as affecting right to contribution in law and equity.* In a suit at law against a cosurety for contribution, the surety can only recover a cosurety's aliquot part calculated on the whole number of sureties without reference to the insolvency of the cosureties, while in equity, if one or more are insolvent, the loss is apportioned among the solvent ones.

2. Contribution, § 2*—*jurisdiction of Probate Court to follow the*

---

*See Illinois Notes Digest, Vols I to XV, and Cumulative Quarterly, same topic and section number.